IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY T. REDMOND : CIVIL ACTION
:
v. :
:
STEVEN PERSILIO, ESQ. : NO. 11-0301

FILED JUL 05 2011
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

MEMORANDUM

SHAPIRO, J.                                          JULY 1st, 2011

Plaintiff, Gregory T. Redmond, has filed a pro se 42 U.S.C. § 1983 civil rights complaint and a motion to proceed in forma pauperis.[1] Although the complaint is rambling and unclear, the Court has concluded that the defendant, Steven Persilio, Esq., represented plaintiff in a criminal case which arose in August 2005, and that plaintiff is claiming that Mr. Persilio failed to provide effective representation. He seeks monetary relief, and appears to be seeking disciplinary action against Mr. Persilio.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis, which has been granted. However, the complaint will be dismissed as legally frivolous for the reasons which follow.

I. DISCUSSION

A. Standard of Review

---

1. At the Court's direction, plaintiff also filed an amended complaint in which he, in essence, restates his original complaint. In his amendment, plaintiff adds "Mr. Musi, Esq., Mr. Malone, Esq., and Mr. Daubenberger," as defendants. However, he makes no specific claims against these attorneys, who appear to be partners in Mr. Persilio's law firm.

1

Title 28 U.S.C. § 1915(e)(2) provides that "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### B. Defense Attorney

In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) (listing elements of a § 1983 claim). The Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). This is the case regardless of whether the defense attorney is court appointed or privately retained. Black v. Bayer, 672 F.2d 309 (3d Cir.), cert. denied, 459 U.S. 916 (1982).

Since plaintiff's defense attorney, Steven Persilio, Esq., was not acting under color of state law when he represented the plaintiff, he may not be sued under § 1983, and plaintiff's claim against him must be dismissed. Plaintiff may be dissatisfied with the representation he received in his criminal case, however, the monetary relief and the disciplinary action

which he seeks as relief are not available to him in a civil rights action in this Court.

### C. The Statute of Limitations

The Supreme Court has held that § 1983 claims are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The statute of limitations for personal injury actions in the Commonwealth of Pennsylvania is two years. 42 Pa. C.S.A. § 5524. Unless otherwise tolled, the limitations period on § 1983 claims begins to run when the claimant "knew or had reason to know of the injury that constitutes the basis of th[e] action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam). The record in this case shows that plaintiff's arrest occurred in August 2005,[2] and that this case was filed on February 14, 2011. Based on the foregoing, the Court concludes that this lawsuit is now time-barred.

Thus, even if plaintiff had presented a cognizable claim against Defense Counsel Persilio, which he has failed to do, this complaint would, nevertheless, be dismissed as untimely.

## II. CONCLUSION

28 U.S.C. § 1915(e)(2) authorizes the Court to dismiss "at any time" a civil action brought by a prisoner in forma pauperis. Because the plaintiff in this case has failed to

---

2. Plaintiff does not state when Mr. Persilio acted as his defense counsel.

advance any actionable violation of his constitutional rights, dismissal of this complaint is appropriate at this time.

An appropriate order follows.